UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: APPLICATION OF BM BRAZIL 1 FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES MULTISTRATÉGIA, BM BRAZIL 2 FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES MULTISTRATÉGIA, AND ANRH COOPERATIEF U.A. FOR AN ORDER SEEKING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | 23-MC-208 (JGLC) (GS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

The Motion to Vacate the Court's *Ex Parte* Order Dated June 29, 2023 Authorizing Discovery and Quash the Rule 45 Subpoenas Served Thereunder or, in the Alternative, To Stay the Instant Proceeding (ECF No. 20); Motion to Intervene, Vacate the Court's June 29, 2023 Order, and Quash the Subpoenas (ECF No. 22); and Motion to Compel (ECF No. 30) were referred to Magistrate Judge Stein for a Report and Recommendation. *See* ECF No. 42. In the Report and Recommendation filed on February 2, 2024, Magistrate Judge Stein recommended that the motion to intervene be granted, the motions to vacate be denied, the motion to quash be granted in part and denied in part, the motion for a stay be denied and the motion to compel be denied. *See* ECF No. 47.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F.

Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 47. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate ECF Nos. 20, 22 and 30.

SO ORDERED.

Dated: February 12, 2024
New York, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge